# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
| V. | |
| REGINALD KEITH THOMPSON | DOCKET NUMBER:6:22-mj-00022-HBK |

I, **Jacob Blade,** Law Enforcement Park Ranger, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. In Yosemite National Park, in the Eastern District of California, **REGINALD KEITH THOMPSON** did or was:

**Count 1:** Simple assault in violation 18 United States Code § 113(a)(5)
**Maximum penalty: 6 months imprisonment and/or $5,000 fine**

**Count 2:** Present in a park area when under the influence of alcohol to a degree that may endanger oneself or another person in violation of Title 36 Code of Federal Regulations § 2.35(c)
**Maximum penalty: 6 months imprisonment and/or $5,000 fine**

I further state I am a commissioned Law Enforcement Officer with the National Park Service. This complaint is based on the following facts and information observed by me and or provided to me by other National Park Service Law Enforcement Rangers.

On November 21, 2022, at approximately 1030 hours I received a report from the Yosemite Emergency Communications Center that an assault was in progress at the Huff housing area between a male and female subject. The male subject was reported as the aggressor and was reportedly "throwing" the female around.

I arrived on scene at Huff hard side cabin 219 in Yosemite National Park and observed a male subject and female subject inside cabin 219 with the door open. The male subject later identified as Reginald Keith THOMPSON was observed unsteady on his feet inside of the cabin. It appeared that THOMPSON needed to hold onto the bed or wall to stand upright. I instructed THOMPSON to exit the cabin. THOMPSON had bloodshot, watery eyes, his speech was slurred, and I could smell the odor of alcoholic beverage on his person. I detained THOMPSON in handcuffs and placed him in the rear passenger compartment of my patrol vehicle.

Speedy Trial Act Applies: **No**   U.S. v. **THOMPSON**
                                                                            Criminal Complaint

I contacted the female subject later identified as K.B. K.B. stated that she has been living at cabin 219 with THOMPSON for approximately two weeks. K.B. stated that THOMPSON was drinking alcohol and the two of them were talking with a technician that was fixing the heater in the cabin. K.B. stated that a sudden change occurred in THOMPSON, and he began cursing and stating, "Bitch, fuck you" and "Get the fuck out." K.B. stated that THOMPSON then began throwing her belongings out of the cabin into the snow. K.B. stated that THOMPSON then threw her down in the corner of the room and hit her in the face two times near her right eye.

I asked K.B. how much alcoholic beverage THOMPSON had consumed. K.B. retrieved an empty 750ml bottle of Paul Masson Brandy from the cabin and stated that THOMSPON had consumed the entire bottle. K.B. stated that THOMPSON started drinking at 7AM.

Ambulance 5 of Yosemite National Park responded to the scene and assessed K.B.. Ambulance staff stated that bruising could be seen around K.B.'s right eye. K.B. reported pain in her shoulder and around her right eye.

K.B. stated to Officer SULLENS that she did not have a romantic relationship with THOMPSON.

I advised THOMPSON of his Miranda rights. THOMPSON stated that he understood his rights and that he wanted to talk to me. THOMPSON stated that he had been drinking all day. THOMPSON stated that he called Aramark Housing to "get her (K.B.) away from around me." THOMPSON stated that he did not physically touch K.B.. THOMPSON stated that he met K.B. in 2019 in Greenville Mississippi and that he and K.B. had sexual contact on December 31, 2019. THOMPSON stated that he was not in an ongoing relationship with K.B..

Curtis CRAWFORD was working on the heater unit in cabin 219 when the altercation began. CRAWFORD stated that he did not witness physical violence, but that he heard yelling and crashing noises coming from the cabin.

THOMPSON consented to a preliminary breath test on an Alcotest 7510 (ser# ARBF-0065). The breath sample was obtained from THOMPSON at 1212 hours. Agent TUCKER operated the Alcotest 7510 according to protocol and obtained a breath alcohol concentration (BrAC) reading of 0.279 g/210L or 0.279 grams of alcohol per 210 liters of breath.

THOMPSON was transported to the Mariposa County Jail.

An emergency protective order was applied for and granted by Mariposa County against THOMPSON.

Body worn camera footage available from Officers BLADE, SULLENS, and TUCKER.

I declare under penalty of perjury the information which I have set forth above and on the face of this criminal complaint is true to the best of my knowledge.

Speedy Trial Act Applies: **No**

U.S. v. **THOMPSON**
Criminal Complaint

| | |
|---|---|
| _11/22/2022_<br>Date | /s/ Jacob Blade<br>*Ranger: (Jacob Blade)*<br>Law Enforcement Park Ranger<br>Yosemite National Park, CA |

Sworn to before me and subscribed in my presence in Yosemite National Park, California.

Affidavit submitted by email/pdf and attested to me as true and accurate in person consistent with Fed.R.Crim. P. 4.1 before me <u>this   22nd</u>   day of November, 2022.

| | |
|---|---|
| 11/22/2022<br>Date | HELENA M. BARCH-KUCHTA<br>UNITED STATES MAGISTRATE JUDGE |